Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  (310) 586-3200
Facsimile:  (310) 586-3202

Attorneys for Defendant
HOT TOPIC, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.  5:22-cv-01652-JGB-SPx<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT HOT TOPIC, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Case Assigned to Hon.  Jesus G. Bernal Courtroom 1<br><br>Date:       January 23, 2023<br>Time:       9:00 a.m.<br>Location:  3470 Twelfth Street<br>               Courtroom 1<br>               Riverside, CA 92501<br><br>Complaint Filed:              Sept. 20, 2022<br>Amended Complaint Filed: Nov. 18, 2022<br>Trial Date:                       Not Yet Set |

## **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. ARGUMENT ................................................................................................... 1

    A. Plaintiff's Repeated Failure to Adequately Allege Her Interactions With Hot Topic's Web Chat Feature Is Fatal. ........................................ 1

    B. Plaintiff Cannot Meet Her Burden to Prove Non-Consent. ................... 2

        1. Plaintiff Ignores Allegations Demonstrating Consent in the FAC. ................................................................................................ 3

        2. The Website Shows That Plaintiff Impliedly Consented. ........... 4

    C. The Amended Complaint Fails to Plead a Violation of Section 631(a). 5

        1. The First Three Clauses of 631(a) Do Not Apply to Defendant . 5

        2. Plaintiff Fails to Plead Any Facts Demonstrating Hot Topic is Liable Under the Fourth Clause of Section 631(a). ..................... 6

        3. Plaintiff's Other Attempts to Misinterpret 631(a) are Unavailing ................................................................................... 7

    D. The Amended Complaint Fails to Plead a Violation of Section 632.7.. 8

    E. Plaintiff Ignores CIPA's Plain Text With Respect to Injury. ................ 9

    F. The FAC Should Be Dismissed With Prejudice. ................................. 10

III. CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 7

*Brodsky v. Apple Inc.*,
   445 F. Supp. 3d 110 (N.D. Cal. 2020) ......................................................... 1

*Graham v. Noom, Inc.*,
   533 F.Supp.3d 823 (N.D. Cal. 2021) ....................................................... 6, 7

*In re Facebook, Inc. Internet Tracking Litigation*,
   956 F.3d 589 (9th Cir. 2020) ....................................................................... 6

*In re Google Location Hist. Litig.*,
   428 F. Supp. 3d 185 (N.D. Cal. 2019) ....................................................... 10

*In re Vizio, Inc., Consumer Privacy Litigation*,
   238 F.Supp.3d 1204 ..................................................................................... 2

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) ....................................................... 8

*Nguyen v. Barnes & Noble Inc.*,
   763 F.3d 1171 (9th Cir. 2014) ..................................................................... 4

*Portillo v. ICON Health & Fitness, Inc.*,
   No. 219CV01428ODWPJWX,
   2019 WL 6840759 (C.D. Cal. Dec. 16, 2019) ............................................ 3

*Sellers v. Just Answer LLC*,
   73 Cal. App. 5th 444 (2021) ........................................................................ 5

*Smith v. LoanMe, Inc.*,
   11 Cal.5th 183 (2021) .............................................................................. 3, 8

*Starr v. Baca*,
   652 F. 3d 1202 (9th Cir. 2011) .................................................................... 2

- iii -
REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
HOT TOPIC, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

*Warden v. Kahn*,
  99 Cal.App.3d 805 (1979) ................................................................................ 6, 8

*Williams v. What If Holdings, LLC*,
  No. C 22-03780,
  2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ............................................... 7, 8

**Statutes**

Cal. Penal Code § 631 ................................................................................... *passim*

Cal. Penal Code § 637.2 ................................................................................ *passim*

## I. INTRODUCTION

Plaintiff's Opposition ignores, misunderstands and misapplies controlling case law in an attempt to distract this Court from a fundamental threshold issue: whether she has pled sufficient facts to state a CIPA claim against Hot Topic. She has not. Plaintiff's repeated material pleading deficiencies warrant dismissal of her Complaint with prejudice.

## II. ARGUMENT

### A. Plaintiff's Repeated Failure to Adequately Allege Her Interactions With Hot Topic's Web Chat Feature Is Fatal.

Critically, Plaintiff's entire theory of liability fails because she does not and cannot allege (1) that *she* personally ever accessed or communicated using the chat feature on Hot Topic's website; (2) what, if any, information she entered into the chat; or (3) *when* this alleged chat communication occurred. *See generally* FAC; Def. Br., Dkt 18-1 ("Br.") at 3–4, 6–9. Despite receiving clear notice of these fatal pleading deficiencies in her original complaint, Plaintiff still has not pled the facts necessary to correct them. The only logical conclusion is that those facts do not exist.

Remarkably, Plaintiff's Opposition clings to the skeletal allegation that she used her cellphone "and had a conversation with Defendant" at a date and time she has repeatedly refused to specify. FAC ¶ 18; Pl. Opp., Dkt. 25 ("Opp.") at 14 & n.14. But this lone skeletal allegation falls far short of satisfying the pleading standards. Plaintiff does not – because she cannot – rebut precedent from the Supreme Court, courts in this circuit, and the California Court of Appeals concluding that a complaint's failure to allege basic facts establishing when conduct occurred requires dismissal. *See* Br. at 7-8 (citing *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 135 (N.D. Cal. 2020) (collecting cases in circuit)). Further, as the Ninth Circuit has explained, in order to survive a motion to dismiss a complaint must (1) "contain sufficient allegations of *underlying facts* to give fair notice and to enable the opposing party to

- 1 -
REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
HOT TOPIC, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011). Here, Plaintiff's allegations are completely barren and do not provide fair notice to Hot Topic of the communications which forms the basis of her theory. It would be "unfair to require [Hot Topic] to be subjected to the expense of discovery and continued litigation" based on Plaintiff's mere conclusory allegations. *Id; see also In re Vizio, Inc., Consumer Privacy Litigation*, 238 F.Supp.3d 1204, 1228 (dismissing plaintiffs' Wiretap Act claim because "their conclusory allegation that Vizio intercepted their communications 'during transmission,'" without more, did not "provide fair notice to [d]efendants" of the conduct which formed the basis of plaintiffs' complaint).

Instead of explaining why she cannot plead facts necessary to support her CIPA claims, Plaintiff claims that "the FAC is full of allegations about Defendant's chat communications." Opp. at 14. She misses the point. Generalized allegations concerning *Hot Topic's* chat feature, or what *other* potential class members may have done, are irrelevant. The relevant inquiry is whether Plaintiff herself ever accessed or interacted with Hot Topic's website chat function. The FAC contains no such factual allegations. This alone warrants dismissal of the FAC with prejudice.

### B.  Plaintiff Cannot Meet Her Burden to Prove Non-Consent.

The FAC must also be dismissed because Plaintiff fails to plead facts demonstrating she did not consent to the alleged recording of her chat communications. Br. at 10-15.[1] Indeed, the FAC demonstrates that Plaintiff consented to any alleged recording of her conversation (which she has not adequately plead).

---

[1] In response to this argument, Plaintiff cites FAC ¶ 21–22, 32, 39 without further explanation. *See* Opp. at 15. Statements in these paragraphs are "conclusory statements [which] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. ***Plaintiff Ignores Allegations Demonstrating Consent in the FAC.***

Plaintiff does not dispute that, as a matter of law, she bears the burden to plead facts showing she did not consent—expressly or impliedly—to any purported wiretapping or eavesdropping. Opp. at 14–19. The FAC glaringly fails to meet this burden. As Plaintiff concedes, non-consent is evaluated by reference to the alleged factual circumstances surrounding any interaction. The problem is that the FAC fails to allege any *facts* about her alleged "conversation" with Hot Topic. Furthermore, the chat feature on Hot Topic's website involves strictly written communications. Therefore, the "circumstances involved" with any messages Plaintiff may have allegedly typed into the chat function "lead to a reasonable inference" that she impliedly "consents to having it recorded" by the entities involved in the technological process of sending information from a smartphone to a modern e-commerce website. *See Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 875 fn.4 (2021); *Portillo v. ICON Health & Fitness, Inc.*, No. 219CV01428ODWPJWX, 2019 WL 6840759, at *3 (C.D. Cal. Dec. 16, 2019); Br. 11–12, 23–24.

Contrary to Plaintiff's arguments, *Portillo* and *Smith* stand for the proposition that a person who transmits written text or certain other communications consents to, at least, the person on the other end receiving and recording them. This is true of webchat conversations initiated by customers like Plaintiff and directed to customer service departments such as Hot Topic's. If Plaintiff's (alleged) messages on the chat feature were *not* recorded, then how would Hot Topic be able to receive them? Further, contrary to Plaintiff's argument, *Portillo* and *Smith* apply with equal force to Section 631, which includes a non-consent requirement subject to the same reasoning regarding those who "read" or "learn" a message's "contents." Cal. Penal Code. 631(a).

Ironically, the only fact Plaintiff pleads concerning her visit to Hot Topic's website undercuts a showing of non-consent. The FAC alleges that Plaintiff visited

1   Hot Topic's website as a "tester" for the purpose of understanding how Hot Topic
2   collects information.[2] FAC ¶ 16. By visiting the website for this purpose, she
3   impliedly consented to any purported recording of her information that occurred. Br.
4   at 11. Moreover, the website presents users with a privacy pop-up banner which
5   directs users (via a hyperlink) to Hot Topic's full Privacy Policy, where it discloses
6   in plain terms that Hot Topic collects information such as customer support requests
7   and customer communications. In other words, Plaintiff's arguments that she did not
8   know or consent to the recording of her information are simply false and contradicted
9   by the facts in her own complaint.

### 2. *The Website Shows That Plaintiff Impliedly Consented.*

Plaintiff's arguments that the privacy pop-up banner on Hot Topic's website is "inconspicuous" fail.[3] Numerous factors, endorsed by the Ninth Circuit and Plaintiff's own case law, confirm that Hot Topic's privacy pop-up banner and hyperlink notice were sufficiently conspicuous. The banner is (i) in a large rectangle horizontally spanning the entire webpage, (ii) with a color-contrasting gray background unlike any color on the webpage, (iii) featuring a color-contrasting white font unlike the color for most of the text in the webpage above, and (iv) even blocks certain contents of the webpage in order to make itself noticeable to users. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1178 (9th Cir. 2014). Moreover, the banner contains a clear advisement to users to read Hot Topic's Privacy Policy to learn more about how Hot Topic collects and uses information, followed by a clear and conspicuous underlined hyperlink directly to the Privacy Policy.

Cases cited and quoted by Plaintiff support Hot Topic, not her. *See* Opp. 20. Plaintiff's own quoted language from the California Court of Appeals explains, "a

---

[2] It bears noting again that even though Plaintiff alleges she visited the Hot Topic website, she never alleges she actually communicated with Hot Topic's chat feature. Nor does Plaintiff allege when she allegedly visited the Hot Topic website.
[3] The court may properly take judicial notice of Hot Topic's website for the reasons set forth in the Request for Judicial Notice. Dkt. No. 19.

1    hyperlink is . . . typically underlined," just as the Privacy Policy hyperlink in Hot
2    Topic's privacy banner is underlined. *See* Opp. at 21, citing *Sellers v. Just Answer*
3    *LLC*, 73 Cal. App. 5th 444, 452, fn. 2 (2021). Contrary to Plaintiff's argument, there
4    is no requirement that hyperlinked text must be in blue. Indeed, the California Court
5    of Appeals has stated a hyperlink is typically "underlined *or* in blue font." *See Sellers*
6    73 Cal. App. at 452, fn. 2.
7         More importantly, the banner, and the Privacy Policy to which it links, contain
8    clear statements that Hot Topic uses cookies and other technologies to collect and
9    record user information, *including customer support requests and customer*
10   *communications*, and directs any user to stop using the website if they do not consent
11   to such practices.[4] *See* RFJN Ex. 3 at p. 1-2 & Ex. 5. The plain language of Hot
12   Topic's pop-up banner and privacy policy notify all users about Hot Topic's practice
13   of recording customer communications. These *facts* establish Plaintiff's implied
14   consent.
15       **C.**    **The Amended Complaint Fails to Plead a Violation of Section 631(a).**
16             **1.**    *The First Three Clauses of 631(a) Do Not Apply to Defendant*
17        Plaintiff's argument that Hot Topic can be held liable under the first three
18   clauses of Section 631 for recording its own chat communications with customers,
19   ignores the overwhelming weight of authority, including recent binding precedent
20   from the Ninth Circuit. It is well established that Section 631 does not apply to

---

[4] Plaintiff suggests that, because this particular sentence does not exist on the current version of the website, it "could have been removed from the Website ***before*** Plaintiff's visit." Opp. 23. The privacy banner is managed by a cookie. Effectively this means that the privacy pop-up banner appears when a unique electronic device visits the website for the first time. Since the user has consented to the terms of use and Privacy Policy during the first visit, the banner does not appear again until six (6) months following the user's first visit to the website using the same device. Moreover, Plaintiff has only herself to blame for refusing to allege when she visited the website so that Hot Topic can attach a screenshot of the terms in place on that exact day. In any event, publicly available, independent archives establish that the website continued to include this disclaimer on the very day that Plaintiff filed her complaint. Hottopic.com (Sept. 20, 2022), Internet Archive, http://web.archive.org/web/20220920232652/https://www.hottopic.com/homepage (last accessed Jan. 4, 2023).

recording by a participant to a conversation. *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 607 (9th Cir. 2020) (Section 631(a) "contain[s] an exemption from liability for a person who is a "party" to the communication, whether acting under the color of law or not"); *Graham v. Noom, Inc.*, 533 F.Supp.3d 823, 831 (N.D. Cal. 2021) ("Only a third-party can listen to a conversation secretly. By contrast, a party to a communication can record it (and is not eavesdropping when it does) (internal citations omitted); *Warden v. Kahn*, 99 Cal.App.3d 805, 811 (1979) ("[S]ection 631 ... has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."). Here, Plaintiff concedes Hot Topic is the intended recipient of Plaintiff's *alleged* "conversation." FAC ¶ 18. Therefore, as a matter of law Hot Topic is not liable for violations of the first three clauses of Section 631(a) under the direct-party exception.

### 2. *Plaintiff Fails to Plead Any Facts Demonstrating Hot Topic is Liable Under the Fourth Clause of Section 631(a).*

There is only one clause of 631(a) – the fourth clause – that could conceivably apply to Hot Topic. The fourth clause of Section 631(a) applies to one who "aids, agrees with, employs, or conspires with" another party that violates any of the prior three clauses. *See* Section 631(a). Hot Topic's liability in this case is therefore based entirely on whether a third-party violated Section 631(a) in some way, and whether Hot Topic "aid[ed], agree[d] with, or conspire[d] with" that third-party to do so.

It is well recognized that third-party service providers who merely provide a tool for a party to communicate with customers are *not* third-party eavesdroppers in violation of Section 631(a). For instance, in *Graham,* 533 F. Supp. 3d at 832-33, the district court held the software service provider was not a third-party eavesdropper because it merely provided a software service that allowed its client to "record and analyze its own data." Similarly, another district court recently held a third-party service provider was not "an independent third party hired to eavesdrop on"

1  defendant's communications, but rather a vendor of the defendant who provided "a
2  tool that [defendant] used to record its own communications with plaintiffs." *Williams*
3  *v. What If Holdings, LLC*, No. C 22-03780, 2022 WL 17869275, at *3 (N.D. Cal.
4  Dec. 22, 2022). In both cases, the district court granted defendants' motions to dismiss
5  Section 631(a) claims because the software providers alleged in the complaints were
6  *not* third-party eavesdroppers as contemplated by Section 631(a). *See Graham* at 832-
7  33; *Williams*, 2022 WL 17869275 at *3.

8  Here, Plaintiff makes a bare allegation that "software" is "embedded on
9  Defendant's Website to record and eavesdrop upon" customers. *See* FAC ¶ 30. But
10 again, she fails to plead any facts to support her allegation that anyone other than Hot
11 Topic received, recorded, or used customer communications. Instead, Plaintiff makes
12 the conclusory allegation that a third-party has embedded the software on Hot Topic's
13 website to "eavesdrop" on customer conversations. FAC ¶ 30. This is nothing more
14 than a threadbare recital of the elements of a Section 631(a) claim and thus fails to
15 satisfy *Twombly's* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.
16 544, 557-560 (2007). Plaintiff does not detail how this software is used to eavesdrop
17 or intercept customer communications, or when the communications are intercepted.
18 The FAC does not even sufficiently identify the alleged third-party eavesdropper,
19 other than the speculative allegation that it *might* be Salesforce. In other words, the
20 FAC is devoid of any *fact* allegations to support the claim that this "software" is not
21 a tool used by Hot Topic to support its ecommerce site, but instead a third-party
22 eavesdropper as contemplated by Section 631(a). Without these facts, Plaintiff has
23 not alleged a viable cause of action under Section 631(a)'s fourth clause.

24         **3.**     ***Plaintiff's Other Attempts to Misinterpret 631(a) are Unavailing***
25 Plaintiff tries to argue that Hot Topic violated Section 631(a)'s first clause
26 (prohibiting intentional wiretapping) because it "tapped" into Plaintiff's wireless
27 smart phone. *See* Br. 16–20, 22–24. However, this Court should "follow the
28

*overwhelming weight of authority* requiring a plaintiff to plausibly allege that a defendant intentionally tapped or made an unauthorized connection with a 'telegraph or telephone wire, line, cable, or instrument' to state a claim under § 631(a)'s first clause." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021) (dismissing claim involving smartphone internet access); *see, e.g.*, *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. 2022) ("[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet.") (citing cases). Moreover, Plaintiff fails to allege any facts to demonstrate how Hot Topic "tapped" into her wireless phone in the first place. The skeletal allegations in Plaintiff's FAC fall far short, Br. 16–20, 22–24.

The "functional[]" approach to Section 631 that Plaintiff urges, Opp. 2, counsels against construing that provision as regulating the enormously complex arena of internet traffic, coding, and website construction. Br. 16–20, 22–24.[5] Moreover, Plaintiff's response that a "smart phone" is a telephone misunderstands both Section 631 and Hot Topic's arguments. The issue is whether the use of a smartphone's internet browser app to access Hot Topic's website led to anyone "physically, electrically, acoustically, inductively," or similarly "tap[ping]" the actual phone or the "telephone wire" itself. *See* Cal. Penal Code 631(a) (first clause).[6] The FAC does not allege any facts demonstrating these actions occurred.

### D. The Amended Complaint Fails to Plead a Violation of Section 632.7.

Plaintiff largely ignores Hot Topic's arguments for why the FAC fails to state a Section 632.7 claim and as such virtually abandons her Section 632.7 claim. For

---

[5] That is especially true because the statutory language is widely acknowledged to be a mess, *Warden v. Kahn*, 99 Cal. App. 3d 805 (Ct. App. 1979), and the legislature has repeatedly intervened to enact statutes tailored to the internet while declining to do so within CIPA, *see Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 191 (2021) ("Other provisions within [CIPA's] statutory scheme reflect updates that have been made from time to time in response to the emergence of new communication devices.").

[6] The statute's references to "other manner," *see* Opp. 4, of tapping must be read in the context of the goal of Section 631 to prevent bugging telephone hardware.

- 8 -
REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
HOT TOPIC, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

1  example, the FAC fails to allege that Hot Topic or Salesforce "received" or
2  "intercepted" and "recorded" a communication while in transit "*between*" her and
3  either of those entities. Br. 22. Plaintiff does not argue that she meets this requirement.
4  In addition, Plaintiff does not refute that this Court should apply the "rule of lenity"
5  to "preclude" Plaintiff's theory of liability under CIPA (a criminal statute). Compare
6  Br. 22–23 and Opp. generally. This Court should dismiss Plaintiff's Section 632.7
7  claim for these reasons alone.

8  Further, Plaintiff's argument that this Court should construe Section 632.7
9  "functionally," Opp. 23–24, ignores the text, legislative history, and the utterly
10 *dysfunctional* outcomes that would result from her radical interpretation. Br. 23–24.
11 Indeed, Plaintiff does not dispute that endorsing her legal theory would criminalize
12 nine million websites. *See* Opp. 23. Moreover, as repeatedly explained, Plaintiff's
13 account of the internet and relevant technologies is confused and incorrect, including
14 according to her own allegations and sources. Br. 4, 17–18, 21–23 & n.15.

15 **E.    Plaintiff Ignores CIPA's Plain Text With Respect to Injury.**

16 The FAC includes no allegations that Plaintiff has suffered any injury, as
17 expressly required to bring a private cause of action under CIPA. *See* Br. 6–8. Instead
18 of addressing Hot Topic's arguments on this point, Plaintiff merely includes a bare
19 assertion—unsupported by any citations to the FAC—that "Defendant's invasion of
20 Plaintiff's right to privacy injured Plaintiff's dignity" in an unexplained and
21 "intangible" way. *See* Opp. 24. Plaintiff fails to allege "what she did upon navigating
22 to the website or anything that happened as a result," Br. 3, and the FAC sheds no
23 light on how Plaintiff's privacy was actually invaded or how Hot Topic injured her.
24 Thus, even if an invasion of privacy can constitute an injury cognizable under CIPA
25 in some circumstances, Plaintiff has refused to allege them here.

26 Further, Plaintiff's discussion of CIPA's injury requirement is misguided. The
27 legislature's decision to impose an express "injur[y]" requirement in the very same
28

- 9 -
REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
HOT TOPIC, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

1 breath as acknowledging a CIPA "violation" shows that a violation does not constitute injury *per se*. Cal. Penal Code § 637.2. Plaintiff entirely ignores the operative text and principles of statutory interpretation. The Court must look first to the unambiguous plain language selected by the legislature. *See* Br. 5 & n.7; *In re Google Location Hist. Litig.,* 428 F. Supp. 3d 185, 193 (N.D. Cal. 2019).

Finally, Plaintiff spends the bulk of her discussion of injury attempting to rebut a strawman Article III argument that Hot Topic did not make. Plaintiff also ignores precedent holding that, even under Article III, a plaintiff cannot manufacture self-inflicted "injuries" like those here. Br. 8. In any event, recent federal common law jurisprudence regarding whether a plaintiff satisfies the U.S. Constitution's minimum case-or-controversy requirement does not control the issue of whether Plaintiff has pled sufficient facts to satisfy CIPA's injury requirement.

### F. The FAC Should Be Dismissed With Prejudice.

Plaintiff does not dispute that given her repeated failures to cure the deficiencies in her complaint, her claims must be dismissed with prejudice. *Compare* Br. 25. with Opp. generally. Thus, this Court should exercise its discretion to deny Plaintiff leave to amend.

### III. CONCLUSION

For the foregoing reasons and those in Hot Topic's opening brief, Dkt. 18-1, Hot Topic respectfully requests that this Court grant its motion and dismiss the FAC and Plaintiff's claims with prejudice.

Dated: January 9, 2023

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

Joshua Briones
E. Crystal Lopez

*Attorneys for Defendant*
*HOT TOPIC, INC.*

The undersigned, counsel of record for Defendant Hot Topic, Inc., certifies that this brief contains 3,377 words, which complies with the word limit of L.R. 11-6.1.

| | |
|---|---|
| Dated: January 9, 2023 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.<br><br>*E. Crystal Lopez* (signature)<br>_____<br>E. Crystal Lopez |

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
HOT TOPIC, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT