Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendant
HOT TOPIC, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01652-JGB-SPx<br><br>**DEFENDANT HOT TOPIC, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Case Assigned to Hon. Jesus G. Bernal<br>Courtroom 1<br><br>Date:     January 23, 2023<br>Time:    9:00 a.m.<br>Location: 3470 Twelfth Street<br>              Courtroom 1<br>              Riverside, CA 92501<br><br>Complaint Filed:              Sept. 20, 2022<br>Amended Complaint Filed: Nov. 18, 2022<br>Trial Date:                        Not Yet Set |

For the reasons set forth below and in Defendant's Request for Judicial Notice ("RFJN"), this Court may properly take judicial notice of Exhibits 1-6.

**I.     ARGUMENT**

**A.     The Court May Properly Take Judicial Notice of Exhibits 1-5.**

Defendant asks this Court to take judicial notice of Exhibits 1 through 5 because they are part of Defendant's publicly available website and incorporated by reference (either explicitly or implicitly) into Plaintiff's First Amended Complaint ("Complaint"). RFJN at p. 4-5. Plaintiff does not – because she cannot – refute the overwhelming number of cases granting requests for judicial notice of defendants' website and Privacy Policy in cases involving privacy claims, such as the one here. Moreover, *Gerritsen v. Warner Bros. Enter. Inc.*, 112 F. Supp. 3d 1011(C.D. Cal. 2015), the only case that Plaintiff cites in support of her argument, is not binding on this Court. In addition, the facts in *Gerritsen* are distinguishable from the ones here.

*Gerritsen* is inapposite for several reasons. First, unlike this case (and the vast majority of the cases cited in Defendant's RFJN), *Gerritsen* does not involve a privacy cause of action.[1] Second, here, unlike in *Gerritsen*, Plaintiff explicitly incorporated Defendant's website into her Complaint by citing the URL. *See* FAC at Introduction. Plaintiff does not dispute that she also incorporated Exhibits 1-5 by alleging that Defendant "wiretapped" and "eavesdropped" on Plaintiff through Defendant's online "chat feature" and that Defendant neither informs website visitors of how its chat feature functions nor obtains consent. *See* Compl. ¶¶ 11, 14; RFJN at 5. And she does not dispute the authenticity of Exhibits 1-5. Finally, here, unlike in *Gerritsen,* Defendant (not Plaintiff) requested that the court take judicial notice of information found on Defendant's website, and specifically identified the exhibits

---

[1] In *Gerritsen*, an author brought an action against an entertainment company, a production company, and a motion picture company, alleging breach of written contract and breach of guaranty between author and production and motion picture companies. 112 F. Supp. 3d 1011

- 2 -

subject of the request. Compare RFJN with *Gerritsen,* 112 F. Supp. 3d at 1030. Accordingly, the reasoning in *Gerritsen* is inapplicable here.

Instead, Defendant respectfully urges this Court to side with the overwhelming weight of authority which has granted similar requests for judicial notice of Defendant's website pages and Privacy Policy. *See e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)(Fed. R. Evid. 201(b)(2) allows the court to take judicial notice of "publicly accessible websites whose accuracy and authenticity are not subject to dispute."); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1137 (N.D. Cal. 2015) (incorporating by reference Defendant's privacy policy and terms of service in a California Invasion of Privacy Act case regarding the use of personal information on a web-based ridesharing application); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (taking judicial notice of the defendant's privacy policy and homepage because the complaint discussed those documents); *Hulsey v. Peddle*, LLC, No. CV 17-3843 DSF (ASX), 2017 WL 8180583, at *1 n.1 (C.D. Cal. Oct. 23, 2017) ("The Court takes judicial notice of Junk Car Zone's Privacy Policy because its authenticity is not contested and it is central to Hulsey's claim that she did not consent to receive texts from Peddle.").

**B. The Court May Properly Take Judicial Notice of Exhibit 6.**

Contrary to Plaintiff's assertion, Exhibit 6 is not "part of Defendant's smear campaign." Plaintiff spends numerous pages arguing that this Court should not take judicial notice of Exhibit 6 – the list of lawsuits filed by Plaintiff's counsel in federal and state courts in California – because it is intended to attack Plaintiff's counsel's integrity. But the purpose of Exhibit 6 is to provide the court with factual context underlying this lawsuit. Previous lawsuits filed by Plaintiff's counsel are relevant to this action because they inform Plaintiff's motivation in bringing this lawsuit – which is something she personally places at issue in the Complaint. FAC ¶ 16. By reviewing the list of previous lawsuits filed by Plaintiff and Plaintiff's counsel, this Court may

draw its own conclusion regarding whether Plaintiff is as plead "someone who advances important public interests." *Id.* Because it is well established that the Court "may take judicial notice of court filings and other matters of public record," such as the documents attached as Exhibit 6, Defendant requests that this Court grant its request for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court should consider Exhibits 1 through 6 in evaluating Defendant's Motion to Dismiss.

Dated: January 9, 2023                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

_____
Joshua Briones
E. Crystal Lopez

*Attorneys for Defendant*
*HOT TOPIC INC.*